UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIE GREEN<br>711 Broadway, Apt B<br>Westville, NJ 08093<br><br>   Plaintiff,<br> v.<br><br>712 BROADWAY, LLC<br>811 Amboy Avenue<br>Edison, NJ, 08837<br> and<br>STER DEVELOPERS, LLC<br>811 Amboy Avenue<br>Edison, NJ, 08837<br> and<br>SETH YARONI<br>811 Amboy Avenue<br>Edison, NJ, 08837<br> and<br>JOHN DOE ENTITY # 1, d/b/a SPRING HILL PROPERTIES<br>811 Amboy Avenue<br>Edison, NJ, 08837<br> and<br>JOHN DOE ENTITY # 2, d/b/a WESTWOOD ASSOCIATES<br>811 Amboy Avenue<br>Edison, NJ, 08837<br><br>   Defendants. | CIVIL ACTION<br><br>CASE NO.: _____<br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Plaintiff Willie Green (hereinafter referred to as "Plaintiff" unless indicated otherwise) hereby complains as follows against Defendants and avers as follows:

## INTRODUCTION

1. Plaintiff initiates the instant action to redress violations by Defendant of 29 U.S.C. §§ 206 *et. seq.* for unlawful failure(s) to pay overtime or minimum wage in compliance with the Fair Labor Standards Act ("FLSA"). Plaintiff also pursues claims under state law(s) for the same types of violations; and separately, Plaintiff pursues claims for wrongful and retaliatory termination herein (among other acts of reprisal prohibited by law).

## JURISDICTION AND VENUE

2. This Court, in accordance with 28 U.S.C. 1331, has jurisdiction over Plaintiff's claims because this civil action arises under a law of the United States. This Court has supplemental jurisdiction over Plaintiff's state-law claims because they arise out of the same common nucleus of operative facts as Plaintiff's federal claims.

3. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred within Gloucester County, New Jersey.

## PARTIES

5. Plaintiff is an adult individual residing at the above-captioned address.

6. Defendants comprise a single, joint and/or integrated business that share overlapping management, resources, operations, financial controls and are based from the same physical location in Edison, New Jersey. They function as one enterprise notwithstanding registering names differently as corporate entities.

7. Defendant 712 Broadway, LLC ("Defendant Broadway Entity" if referred to individually) is a corporate name utilized to operate an apartment complex known as Westwood Manor Apartments in Westville, New Jersey (where Plaintiff physically worked). This Defendant physically employed Plaintiff.

8. Defendant Ster Developers, LLC ("Defendant Ster Entity" if referred to individually) is a corporate name utilized to hire and employ maintenance personnel and/or to perform home repairs and/or commercial construction. While Plaintiff was a physical employee of Defendant Broadway Entity, Plaintiff was directly paid by and simultaneously considered to work under Defendant Ster Entity.

9. Defendant Seth Yaroni is a principal, high-level operations manager, executive, and overseer of Defendant Broadway Entity and Defendant Ster Entity.

10. Defendants John Doe Entity #1 and #2 are upon information and belief other entities operated as part of the single enterprise, as these were names used interchangeably at Defendant's headquarters in Edison, New Jersey.

11. Defendants do not follow corporate formalities, state or federal law(s), tax regulations, they engage in tenant and employee exploitation (discussed *infra*), and they merely have separately named businesses as a formality.

12. At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## FACTUAL BACKGROUND

13. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

14. Plaintiff was hired by Defendants in or about mid-July 2016, and he was hired to work as a laborer performing general maintenance. In total, Plaintiff was employed with Defendants for approximately 6 months.

15. Plaintiff was an "employee" of Defendants performing work on a full-time basis exclusively for Defendants during his tenure with Defendants.

16. Plaintiff physically worked for Defendants at Westwood Manor Apartments, which is a property within Defendants' portfolio located at 712 Broadway, Westville, NJ 08093 (hereinafter "Westwood").

17. Westwood consists of approximately 79, 1-2 bedroom rental units.

18. Plaintiff was assigned an apartment to reside within Westwood so he could be available on call 24 hours per day, 7 days per week.

19. Plaintiff's job consisted of him performing repairs, getting contacted at all times of morning, day and night from tenants or management with questions or concerns, and performing light construction or remodeling where requested in various areas of the apartment complex.

20. Plaintiff did not manage, hire, evaluate or direct employees, he did not participate in any high-level operations management meetings, and he did not perform any job duties that

could plausibly qualify him as an employee exempt from overtime compensation under state or federal law(s). Plaintiff's job day in and day out consisted of him performing physical and manual labor.

21. Defendants did not track, record, or maintain records of minutes, hours or time worked by Plaintiff (violating 29 U.S.C. § 211(c) and state regulations).

22. Plaintiff was typically paid at a flat rate of $386.58 for every two weeks of work regardless of how many hours he worked.

23. Defendant did not pay Plaintiff any compensation for overtime despite that Plaintiff consistently worked well in excess of 40 hours per week (often working 50-60 hours per week minimum).

24. Not only did Defendant fail to pay Plaintiff minimum wage and overtime compensation, Plaintiff repeatedly requested information about how his compensation was being allocated, whether taxes were being remitted to the government, and for a typical payroll document showing itemizations. Despite Plaintiff's aforesaid repeated requests, Defendants:

   (a) Completely ignored Plaintiff;

   (b) Never verified if they were paying social security, taxes and other proper and mandated regulatory withholdings; and

   (c) Merely continued to direct deposit the aforesaid weekly sum of money into and through an American Express Serve Account for Plaintiff's use and access.

25. Toward the end of Plaintiff's short tenure (and in close temporal proximity to Plaintiff's termination from employment), Plaintiff adamantly raised 3 separate concerns and complaints with Defendants' management as follows:

   (1) Plaintiff expressed opposition to Defendants demanding he perform work illegally as Plaintiff held no licenses or certifications but was being directed to perform electrical, plumbing and other work that was unlawful in light of his

non-professional and uncertified background (in addition to permits or municipal approval not being obtained);

(2) Plaintiff raised concerns that Defendants had multiple health hazards, improper and unsafe apartments for tenants, and were either not resolving or actively concealing problems such as mold manifestations. Plaintiff expressed specific opposition to this unlawful conduct; and

(3) Plaintiff raised concerns about his wages and not getting compensated for all of his hours over 40 hours per week.

26. In addition to the foregoing, Plaintiff informed Defendants' management that his child's mother was taking him to court and that he had been repeatedly asked by the court for documentation, itemizations and evidence of his earnings. Plaintiff memorialized these requests in multiple text messages with Defendants' management in addition to verbal requests. Plaintiff also informed Defendants' management that it was supposed to remit monies to the court system for Plaintiff's child support obligations.

27. Defendants consistently fail to abide by local, state and federal laws as aforesaid. However, in addition to refusing to honor Plaintiff's requests for the most basic and fundamental payroll information he needed to present in court and by failing to honor Plaintiff's requests Defendants to remit part of his monies directly to the court system, Defendant also failed to comply with the New Jersey Child Support Act which required Defendants to report within no more than 20 days Plaintiff's hire to the State of New Jersey (which in turn will identify to the employer and trigger any mandated child-support withholding obligations).

28. Defendants failures to abide by the New Jersey Child Support Act and Plaintiff's request for information Defendants were locally and federally mandated to provide to a Plaintiff directly and proximately caused Plaintiff to have numerous court appearances, to be sanctioned, and almost immediately after Plaintiff's termination from employment to be arrested and incarcerated for a short period of time.

29. Plaintiff's was terminated by Defendants on or about January 11, 2017. Plaintiff was grossly exploited by Defendants, caused very significant harm, and terminated in retaliation for raising multiple concerns of illegality.

### Count I
### Violations of the Fair Labor Standards Act ("FLSA")
### (Unpaid Overtime, Minimum Wage & Retaliation)
### - Against all Defendants -

30. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

31. Defendants, collectively or independently, comprise "employers" under the definition of the FLSA.

32. Plaintiff was not properly paid at a rate of time and one half for hours worked over 40 hours per week while in the employ of Defendants, nor was he paid properly at a rate of minimum wage under state or federal law(s).

33. Plaintiff's termination from Defendants for complaining of unpaid overtime compensation was *per se* unlawful. *See Kasten v. Saint-Gobain Performance Plastics* Corp., 563 U.S. 1, 131 S. Ct. 1325, 179 L. Ed. 2d 379 (2011)(it is illegal under the FLSA to terminate an employee for verbal or written concerns of unpaid overtime compensation).

34. The non-payment of owed overtime compensation and Plaintiff's termination as aforesaid constitute violations of the FLSA.

35. The individual defendant named in the caption is personally liable herein for violations of the FLSA, as he: (a) interviewed and hired Plaintiff; (b) personally oversaw payments to employees; (c) oversaw the terms and conditions of employment for employees

such as Plaintiff; and (d) was personally involved with any adverse decisions concerning Plaintiff including but not limited to his termination from employment.[1]

## Count II
## Violations of the New Jersey Wage and Hour Law(s)
### - Against all Defendants -

36. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

37. Plaintiff was not properly paid overtime or minimum wages as aforesaid, and Plaintiff pursues a claim herein solely for unpaid overtime compensation.

## Count III
## Violations of the New Jersey Conscientious Employee Protection Law ("CEPA")
### (Retaliation)
### - Against all Defendants -

38. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

39. Plaintiff suffered the following adverse actions as a result of raising concerns he reasonably believed to be unlawful during his tenure: (1) a hostile work environment; (2) a termination from employment; and (3) a retaliatory eviction and/or removal from his tenancy whereby Defendants gave inadequate notice and failed to follow regulations concerning Plaintiff having proper time to vacate his residence.

40. These actions as aforesaid constitute violations of CEPA.

---

[1] "[A]n individual is subject to FMLA liability when he or she exercises supervisory authority over the complaining employee and was responsible in whole or part for the alleged violation while acting in the employer's interest." *White v. Eberle & Bci Servs.*, 2013 U.S. Dist. LEXIS 7542 (D.N.J. 2013); *see also Narodetsky v. Cardone Indus., Inc.*, 2010 U.S. Dist. LEXIS 16133, 2010 WL 678288 (E.D. Pa. 2010)(management may be individually liable under the FLSA for involvement in payroll and/or terminations from employment).

## Count IV
### Negligence and Negligence *Per Se*
### - Against all Defendants -

41. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

42. Defendants had obligations to Plaintiff as an employee, under local, state and federal law, and under the New Jersey Child Support Act to: (1) ensure Plaintiff was provided with adequate financial employment information; (2) to register Plaintiff as a newly hired employee to ensure child support obligations were paid pursuant to regulatory mandates; and (3) to remit payments as an employer to the State of New Jersey to avoid Plaintiff facing contempt of court or other penalties and to ensure policies of the state were followed regarding child support.

43. Defendant intentionally and/or negligently failed to follow employee, state-mandated and other obligations to ensure payments and information were remitted on Plaintiff's behalf to the State of New Jersey.

44. As a direct, proximate and actual cause of Defendants' aforesaid negligence, Plaintiff suffered very significant harm in the form of sanctions, repeated admonishment by the Court, arrest, incarceration, and humiliation / mental anguish and pain and suffering.

## Count V
### Violations of N.J.S.A. 2A:42-10.1 *et. seq.* (Landlord Reprisal Law)
### (Retaliation)
### - Against all Defendants -

45. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

46. Defendants retaliated against Plaintiff by making him vacate his tenancy immediately and without adequate notice within Defendant's apartment complex for raising concerns of illegalities and for opposing improper lease conditions.

47. These actions as aforesaid constitute unlawful reprisal.

**Count VI**
**Violations of NJ Landlord Tenant Law(s) and the Anti-Eviction Act**
**- Against all Defendants -**

48. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

49. Defendants demanded Plaintiff exit and vacate his residence within less than a week of his termination from employment under multiple legal and non-legal threats.

50. Defendants failed to provide Plaintiff, a tenant, with either written notice detailing alleged conduct warranting this immediate removal or at least one full month of notice prior to him having to leave his residence.

51. Defendants' actions caused Plaintiff significant harm and violated multiple local / state regulations.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

i. Defendants are to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiffs would have received had it not been for Defendants' illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld (if determined that there are such benefits) from the date he first suffered discrimination/retaliation at the hands of Defendant until the date of verdict;

ii. Plaintiff is to be awarded liquidated or punitive damages (in accordance with the Statutes he is suing under), as permitted by applicable law, to punish Defendants for willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

iii. Plaintiff is to be awarded damages for his emotional distress, humiliation and/or pain and suffering as permitted by law (under applicable Statutes);

iv. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

v. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law;

vi. Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____
Ari R. Karpf, Esq.
Attorney for Plaintiff
3331 Street Road
Two Greenwood Square
Suite 128
Bensalem, PA 19020

Dated: February 14, 2017